**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

_Gloria D. Dickerson, Pro Se_

---

---

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

---

_"See Attached"_

---

_(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

**Complaint for Employment Discrimination**

Case No. _____

_(to be filled in by the Clerk's Office)_

Jury Trial:   ☒ Yes   ☐ No
          _(check one)_

2

*Spoke with Ms. Burton*  *John Waldenger, Area Director  973.645.5978*  *Reconsideration  973.645.4684*

*'William / Returning EEOC [to] Newark Investigation*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 524-2019-00323 |

| New Jersey Division On Civil Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Gloria D. Dickerson** | | **1947** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7 Peter Cooper Rd., Apt. #8g, New York, NY 10010** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **NEW JERSEY INSTITUTE OF TECHNOLOGY** | **500 or More** | **(973) 596-3082** |

| Street Address | City, State and ZIP Code |
|---|---|
| **University Heights,  Newark, NJ 07102** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-31-2014**   Latest **09-20-2018**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above-named employer, Respondent, on or about August of 2014 for the position of Customer Service Representative. I am an African-American female and I have a disability my employer is aware of.

I have been subjected to harassment and a hostile work environment by several employees with Respondent to include: Annie Crawford, Staci Mongelli, and Lauren Rubitz. I have been denied opportunities to grow as an employee within my department by the aforementioned individuals. I have complained to Respondent about these actions and nothing was done to prevent or correct this harassment and hostile work environment. On one occasion, Ms. Crawford called me into her office and interrogated me as to how I could be dancing if I had my disability. These comments were harassing and uncalled for.

Based on the above information I believe I am being discriminated against on the basis of race (African-American) age (71 years old), and disability in violation of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| **Nov 23, 2018** _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*      *Charging Party Signature* | |

**EMPLOYEE PERSONAL INTERVIEW STATEMENT**          **U.S. DEPARTMENT OF LABOR**
EMPLOYMENT STANDARDS ADMINISTRATION
WAGE AND HOUR DIVISION



> This report is authorized by Section 11 of the Fair Labor Standards Act and other Wage-Hour laws.
> While you are not required to respond, your cooperation is needed for the Wage Hour Division to
> make a determination of compliance under the applicable Act(s).  Your identity will be kept
> confidential to the maximum extent possible under existing law.

**12/27/2018**
(Date)

**Telephone**
(Place of Interview)

**Gloria D. Dickerson**                    **7 Peter Cooper Rd Apt 8G**
(Name of Employee)                         (Number, Street, apt. no.)

**New York**              **NJ 10010**                    **917-584-6028**
(City or town)            (State, Zip Code)               (Telephone number)

                                          **New Jersey Institute of**
**18+**  years of age(was/have been) employed by      **Technology**

**323 Martin Luther King**
**Blvd, Newark, NJ**          for the approximate period      **7/2014 to present**
(Location of establishment)

as   **Customer Service Rep**

(Occupation or description of duties)

Statement:

   I work Monday to Friday from 8:30am-4:30pm. I work 35 hours per week
after lunch breaks. I work plus or minus 1820 hours per year. NJIT has
about 2000 employees. I have re-certified 3 times since my original
FMLA. I have been on FMLA since 2016. The last recertification was
8/14/2018. NJIT handles the FMLA packages. Sandra Dias handles all the
FMLA packages. She reports to the Assistant VP of HR Annie Crawford,
the VP of HR is Chitra Iyers. My FMLA is intermittent leave. I use the
leave when there is a flare up. For Example, one time there was
painting going on and I had to leave. I have a chronic respiratory
condition.
   I have a complaint filed with EEOC that is for separate issues
with the ASST VP Annie Crawford. In example, bullying and etc. This
complaint with USDOL is specific to the FMLA Issue.
   I was harassed due to me using intermittent FMLA. I was invited
to a Co-worker retirement party which was held on a Saturday evening.
During the event I danced as I have done during previous related
events. On or around 9/7/2018 Annie Crawford the ASST VP of HR asked
me to come to her office along with Sandra Dias the person who handles
FMLA for NJIT.
   Annie said to me, "It was brought to my attention that you
attended Norma's Retirement Celebration". She further asked, "How can
you dance on FMLA?" She repeated that question several times. I felt
humiliated by the question from her because I felt she had no right to
ask me such a question. I felt her actions were insensitive, unfair,
unnecessary, retaliatory, and extremely hurtful. I asked her if I was
supposed to roll over and die.

After this meeting I went to the VP Chirtra Iyer's office and asked her if she knew I was going to get questioned about the party. The VP said she was and asked if it was on a Saturday? At that point the VP went into Annie Crawford's office. I don't know what transpired from that.

I didn't get any disciplinary action. I asked for written clarification for the reason to confront me regarding the incident. Annie Crawford dismissed the question and said it was just a discussion. She justified her action saying that a supervisor has the right to exercise due diligence.

The week before the incident there was painting going on. I was out that Friday before. I was out the week after for some days. I was at the party that Saturday for an hour and half.

I give permission to use my name. I want the USDOL to put a stop to these type of questioning or treatment and put them on notice.

---

The above statement was read to me, and I have read the statement and it is true to the best of my knowledge.

---

Signed by: _Gloria D. Dickerson_

Interview taken: _____Eduardo Oliveira_____

Wage Hour Investigator

**Case ID: 1871614**
New Jersey Institute of Technology (NJIT)          FEIN # 22-6000910
University Heights, Fenster Hall, Room 500
Newark, NJ 07102

**Contact Information:**
Sandra Matos Dias, B.A., sHRBP, MHRM          matosdia@njit.edu     973-596-5468 Office
Human Resource Generalist
Labor/Employee Relations, Human Resources
New Jersey Institute of Technology
University Heights, Fenster Hall, Room 500
Newark, NJ 07102

## Limited FMLA Narrative

**Company Officers**
Dr. Joel Bloom-President
Dr. Fadi Deek – Executive Vice President
Holly Stern Esq. - General Counsel/Vice President, Legal Affairs
Chitra S. Iyer, J.D. - Vice President of Human Resources

**Coverage (825.104):**
New Jersey Institute of Technology (NJIT) is a covered employer as it employs over (50) employees within a (75) mile radius. NJIT has 1,445 employees as of January 7, 2019; NJIT has one main campus although it operates a solar observatory in Big Bear, California, with a small number of employees. (See Exhibit C1)

**Prior History**
The employer has no prior history.

**Period of Investigation**
January 2, 2017 through January 2, 2019

**MODO**
No MODO necessary as the employer falls under the Northern NJ District Office's geographical are.

**Eligibility (825.110):** The complainant was eligible for FMLA leave, as she was employed by the covered employer, since July of 2014 and worked in excess of 1250 hours in the past twelve months prior to the need for leave. (See Exhibit B2)

**Qualifying Condition/ Serious Health Condition (825.115(c) :**
The employee had a qualifying condition and had an approved FMLA package in with the HR Department. (See Exhibit D1)

**Employee Notification (825.303(a)):**
The Complainant submitted, "Certification of Health Care Provider for Employee's Serious Health Condition" form WH 380-E (See Exhibit D1)

## Status of Compliance

**Reason for Investigation:**
This limited investigation was initiated due to a complaint received from a current employee, Gloria D. Dickerson hereinafter referred to as "the complainant". The complainant had an approved intermittent FMLA. She alleged harassment from the employer due to the usage of intermittent FMLA. The complainant has been approved for intermittent FMLA for the past couple of years and has been able to manage her medical condition fairly well. The complainant stated she was invited to a co-worker's

retirement party, which was held on a Saturday evening. During the event, she stated she danced as she has done during previous work related events. The complainant stated that on or around 9/7/2018 Annie Crawford, Assistant VP of Human Resources asked her to come to her office along with Sandra Dias, (HR Generalist) who is responsible for management of FMLA paper work.

Annie Crawford said, "It was brought to my attention that you attended Norma's Retirement Celebration". The complainant alleged she went on to ask, "How can you dance on FMLA?" She stated that the Asst. VP of HR repeated the question several times. The complainant stated she felt humiliated by the question and felt she had no right to ask her such a question. The complainant felt the action was insensitive, unfair, unnecessary, retaliatory and extremely hurtful. The complainant asked the Asst. VP, if "I was supposed to roll over and die".

The complainant asked for written clarification for the reason to confront her about the incident. The complainant alleged the Asst. VP of HR dismissed the question and said it was just a discussion. She further alleged that the Asst. VP justified her action by saying a supervisor has "the right to exercise due diligence".

This case was limited to the complainant. The complaint was substantiated. Interviews with the complainant and Assistant VP HR support the violation finding. (See Exhibit B1-B2)

**General Notice- 825.300 (a):** No apparent violations. Firm provides each employee at hire with employee handbook and general notices regarding FMLA Policy. (See Exhibit D2, D3)

**Eligibility Notice – 825.300(b):** No Violation found. Firm provided proof that this notice is given properly. Employees requesting FMLA leave are provided the Notice in writing within 5 business days of the request for leave. The firm provides eligibility notice both orally and for WH 381 (see Exhibit D2-D5)

**Rights and Responsibilities Notice 825.300(c):** No Violations found. Employees requesting FMLA leave are provided the Eligibility Notice within 5 business days of the request for leave. The firms provides the Rights and Responsibilities Notice using form WH-381. (See Exhibit D2-D5)

**Designation Notice – 825.300(d):** No Violation found. Employees requesting FMLA leave are provided the Notice in writing within 5 business days of when employer receives sufficient information to know leave is FMLA Qualifying. The employer provides the Designation Notice both in an employer created letter and using form WH-382.

**Policy Review:** Policy review revealed that the firm appears to be in compliance. The employer has the policy in their employee handbook and has separate University Policies and Procedures for Family Leave. (See Exhibit D2-D3). The university also provides training to all its front line supervisors. (See Exhibit D5)

**Discrimination- 825.220:** A Violation was found. The complainant alleged discrimination (e.g. disciplinary action) claiming that she was harassed in a meeting where she was questioned how she can be on FMLA and be at a retirement party dancing on here day off. "Discrimination occurs when employees protected under FMLA are treated less generously than non-protected employees. Based on the initial conference and interviews with both the complainant and Asst. VP of HR, it was determined there was a violation. (See Exhibit B1-B2, C2)

After interviewing the complainant to get the details of the complaint, an initial conference was held on 1/3/2019 with the General Counsel Holley Stern, VP of HR Chitra Iyer, and HR Generalist Sandra Dias. During the initial conference, Sandra Dias who was part of the meeting acknowledged that the complainant was called into the office for questioning "because they got information that she was at a retirement party and was dancing". (See Exhibit C2)

The Asst. VP of HR was interviewed to gather further information of why she had called the complainant into her office to question how the complainant could be dancing at a retirement party when she is on FMLA. (See Exhibit B1)

**Disposition:**
On 1/18/2019, a final conference was held with General Counsel Holley Stern, VP of HR Chitra Iyer, and HR Generalist Sandra Dias. The investigator explained to them that he had reviewed their policy and found everything was in order but there was a violation of discrimination for the incident where the complainant was questioned. He further explained that these type of questions that happen cannot be allowed. It explained that there are proper procedures for when there a doubt of the FMLA usage. For example, if an employee's certification says that he/she will have flare ups about 5 times a month and now the employee is taking two consecutive weeks, the employer is allowed to ask for a recertification.

The employer's general counsel would not accept the violation at first and a second conference call was made on 1/24/2019 with ADD Deligi and the employer's representatives. In that conference call the investigator and the ADD reiterated what was said in the first final conference. The general counsel agreed to future compliance and agreed the proper procedure would be to ask for a recertification. It was requested that they send the days they designated as FMLA leave for the complainant. (See Exhibit D7)

**Employee Notification**
On 1/28/2019, the complainant was contacted regarding the case outcome.

**Recommendation:**
Recommend case administratively closed.

7-C; Personal privacy, Wage and Hour Investigator

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Gloria D. Dickerson<br>7 Peter Cooper Rd.<br>Apt. #8g<br>New York, NY 10010 | From: Newark Area Office<br>283-299 Market Street<br>Two Gateway Center, Suite 1703<br>Newark, NJ 07102 |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **524-2019-00323** | **Rayba Watson, Enforcement Supervisor** | **(973) 645-6021** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
**John Waldinger, Area Office Director**

**NOV 2 9 2018**
*(Date Mailed)*

Enclosures(s)

cc:

**Vanessa Clarke Young**
**Labor/Employee Relations**
**NEW JERSEY INSTITUTE OF TECHNOLOGY**
**University Heights**
**Newark, NJ 07102**

## V.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_The mistreatment toward me has been so egregious that it was stressful to be inside the Department of Human Resources on many days. The best part of the day is serving the Clients - Faculty, Staff, Students. They have tried to "get rid of me" by lying, distorting facts, behaving badly with unprofessional, mean spirited attitudes, and numerous microaggressions to mask their illegal behaviors._

## VI.  Certification and Closing

_The maximum amount of damaged allowed by law for their behavior is requested_

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _March 3_, 20 _19_

Signature of Plaintiff  _Gloria D. Dickerson_

Printed Name of Plaintiff  _Gloria D. Dickerson_

8

**B.    For Attorneys**

Date of signing: _____, 20__.

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

9